ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ACG, INC.<br><br>    Recurrido<br><br>    v.<br><br>MCL LOGISTIC, CORP.<br>Y OTROS<br><br>    Peticionarios | **KLCE202301354** | *CERTIORARI*<br>procedente del<br>Tribunal de<br>Primera Instancia<br>Sala Superior de<br>Bayamón<br><br>Civil Núm.:<br>Sj2019cv08133<br><br>Sobre:<br>Daños y<br>Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 12 de diciembre de 2023.

Comparece ante este foro Mapfre PRAICO Insurance Company (Mapfre o "parte peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, la cual fue notificada el 1 de diciembre de 2023. En virtud de esta, el foro primario determinó que la póliza número 1600188001491 que Mapfre expidió a MCL Logistics, Corp. (MCL) cubre los daños reclamados por ACG, Inc. (ACG o "parte recurrida").

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

### I.

El 13 de agosto de 2019, ACG presentó una *Demanda* sobre daños y perjuicios contra MCL, Kendall Holdings Inc., Kendall Investment Corp., Multinational Insurance Company, Big Brands Distributors, LLC, entre otros de

Número Identificador
RES2023 _____

nombres desconocidos.[1] En esencia, alegaron que, en el almacén propiedad de MCL, y el cual Kendall Holdings, tenía un contrato de arrendamiento, ocurrió un incendio. Como consecuencia, consumió y destruyó todo su contenido, incluyendo unas máquinas especializadas para casinos propiedad de ACG, valoradas aproximadamente en $863,000.00. El acuerdo entre ACG y MCL, alegan fue uno verbal, que solo requería el pago de una mensualidad a cambio del depósito de las máquinas de casino. Sin embargo, al quedar las máquinas destruidas por el incendio, solicitaron una indemnización por no menos de $1,254,000.00. El 20 de enero de 2020, ACG presentó una *Demanda Enmendada*, para incluir a Mapfre como codemandada.[2]

El 15 de julio de 2020, ACG instó una *Moción sobre Sentencia Sumaria*.[3] En síntesis, adujo que los hechos surgen como consecuencia de un incendio, el cual destruyó todo el inventario de máquinas de casinos de su propiedad, además, impidió completar un acuerdo de venta sobre las máquinas de casino. Por consiguiente, ACG manifestó que le reclamó a MCL, quienes refirieron la reclamación a Mapfre, por ser su aseguradora. Añadió que, como parte del proceso de reclamación, la parte peticionaria contrató a un ajustador independiente quien resolvió que el valor de los daños reclamados ascendía a $863,000.00. Sin embargo, arguyen que Mapfre no pagó lo reclamado, debido a que la póliza excluía ese tipo de daños causados por terceros, pero que le ofrecieron pagar $1,378.06. Consecuentemente, argumentó que no

---

[1] *Demanda*, anejo I, págs. 1-6 del apéndice del recurso.
[2] *Demanda Enmendada*, anejo II, págs. 7-13 del apéndice del recurso.
[3] *Moción de Sentencia Sumaria*, anejo VII, págs. 39-226 del apéndice del recurso.

existen hechos en controversia, ya que demostraron que Mapfre tiene la responsabilidad de pagar la reclamación.

El 14 de agosto de 2020, Mapfre contestó la demanda enmendada, mediante la cual, admitieron que son la aseguradora de MCL.[4] A su vez, que su responsabilidad está sujeta a los diversos límites de cubierta, acuerdos de seguros, condiciones y exclusiones incluidos en la póliza núm. 16001800141 expedida a MCL. Sin embargo, expresaron que los daños alegados en la demanda no están cubiertos por la cubierta de propiedad comercial, excepto por una extensión de cubierta de $2,500.00. Sostuvieron, que le ofrecieron pagar $1,378.06 a ACG, luego de realizar el ajuste correspondiente de la extensión de cubierta.

A su vez, el 4 de septiembre de 2020, Mapfre se opuso a la moción de sentencia sumaria instada por ACG, y presentó una Solicitud de Sentencia Sumaria Parcial.[5] En específico, adujo que la moción de sentencia sumaria de ACG debía rechazarse por:

> (a) MCL no compró la cubierta adicional para propiedad personal de terceros ("personal property of others") por lo que el límite máximo que provee la póliza para la pérdida reclamada por ACG es el incluido en las extensiones de cubierta ("coverage extensions") establecido en la forma de propiedad comercial ("comercial general liability") de dicha propiedad; (b) la propiedad personal de negocio ("business personal property") a que hace referencia ACG se trata de propiedad perteneciente a MCL y no de terceras personas; (c) la cubierta de responsabilidad comercial ("comercial general liability") de la póliza expresamente excluye los daños reclamados por ACG; y (d) la solicitud de honorarios de abogados es improcedente como cuestión de derecho considerando los

---

[4] *Contestación a la Demanda Enmendada*, anejo V, págs. 26-33 del apéndice del recurso.
[5] *Oposición a Moción sobre Sentencia Sumaria y Solicitud de Sentencia Sumaria*, anejo VIII, págs. 227-256 del apéndice del recurso.

fundamentos adelantados este acápite introductorio.

En segundo lugar, sostuvieron que debido a que la controversia es de estricto derecho, y únicamente se requiere la interpretación de la póliza de seguros, solicitaron se desestime la *Demanda Enmendada* y *Demanda de Coparte de MCL contra Mapfre*.

En respuesta, el 24 de septiembre de 2020, ACG presentó *Réplica a Oposición a Moción de Sentencia Sumaria*.[6] Mediante esta, alegó que, MCL adquirió una póliza comercial y otra de responsabilidad general, en la cual dispone que incluye propiedad de otros bajo el control del asegurado y que estén localizados en los predios asegurados descritos en la declaración. Incluso, sostienen que las máquinas de casino están cubiertas. Por consiguiente, arguyeron que las expresiones de Mapfre son contrarias a los términos de su propio contrato de seguros.

El 2 de octubre de 2020, Mapfre presentó una *Dúplica a Réplica a Oposición a Moción sobre Sentencia Sumaria*.[7] Mediante la cual reiteró que MCL no adquirió cubierta para cubrir la pérdida de propiedad de terceros.

**Tras evaluar la postura de ambas partes, el 8 de diciembre de 2020, el foro primario notificó una *Resolución*.[8] Mediante el referido dictamen, determinó que existen controversias medulares entre las partes por lo que no podía emitir un fallo en esa etapa de los procedimientos.** Añadió que, al haber controversia en la interpretación de los términos y condiciones del

---

[6] *Réplica a Oposición a Moción sobre Sentencia Sumaria*, anejo IX, págs. 257-270 del apéndice del recurso.
[7] *Dúplica a Réplica a Oposición a Moción sobre Sentencia Sumaria,* anejo X, págs. 271-277 del apéndice del recurso.
[8] *Resolución*, anejo XI, págs. 278-314 del apéndice del recurso.

contrato de seguro de póliza, es necesario ver el caso en sus méritos.

En desacuerdo, el 23 de diciembre de 2020, Mapfre presentó una *Moción de Reconsideración*.[9] Por su parte, el 19 de enero de 2021, ACG, presentó *Réplica a Moción de Reconsideración*.[10] Revisadas las mociones presentadas, el foro primario la declaró *No Ha Lugar* mediante una *Resolución* notificada el 28 de enero de 2021.[11]

**Todavía inconforme, el 1 de marzo de 2021, Mapfre presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, núm. KLCE202100230, mediante el cual denegó la expedición del auto.[12]**

Luego de múltiples incidencias, entre las que se destacan varias desestimaciones de las causas de acción, son contra: Big Brands Distributors, LLC y Mapfre Praico Insurance Company, como su aseguradora;[13] a su vez, Kendall Holdings, Kendall Investment, Corp. y Multinational Insurance Company, como su aseguradora;[14] y también, contra MCL, sin embargo, se mantuvo la causa de acción contra Mapfre como aseguradora de MCL.[15]

El 8 de noviembre de 2023, ACG presentó una *Moción Informativa en Cumplimiento de Orden*.[16] Señaló que, una vez las partes se reunieron, pudieron delimitar la controversia del caso, sin embargo, no pudieron llegar

---

[9] *Moción de Reconsideración,* anejo XII, págs. 315-333 del apéndice del recurso.
[10] *Réplica a Moción de Reconsideración*, anejo XIII, págs. 334-338 del apéndice del recurso.
[11] *Resolución*, anejo XIV, págs. 339-340 del apéndice del recurso.
[12] *Resolución*, anejo XIX, págs. 392-395 del apéndice del recurso.
[13] *Sentencia Parcial Enmendada*, anejo XVIII, pág. 396 del apéndice del recurso.
[14] *Sentencia Parcial*, anejo XIX, pág. 397 del apéndice del recurso.
[15] *Sentencia Parcial Enmendada*, anejo XXII, pág. 404 del apéndice del recurso.
[16] *Moción Informativa en Cumplimiento de Orden*, anejo XXIII, pág. 405-406 del apéndice del recurso.

a un acuerdo transaccional, por lo que, solicitaron llevar a cabo el juicio en su fondo. Por su parte, el 9 de noviembre de 2023, Mapfre presentó *Moción sobre Moción en Cumplimiento de Orden*.[17] En esencia, sostuvo que, el foro primario, antes de llevar a cabo el juicio correspondiente, debía realizar una determinación sobre si la póliza en controversia proporciona cobertura y/o excluye los daños alegados.

En respuesta, el 10 de noviembre de 2023, ACG presentó *Moción en Cumplimiento de Orden*, mediante la cual, reiteraron que existe una cubierta y sus límites exceden los daños reclamados.[18] Asimismo, expresó lo siguiente:

> a) El Asegurado de MAPFRE adquirió una póliza de responsabilidad pública con un límite de $1,000,000.00 por ocurrencia la cual estaba vigente al momento del incendio aludido en la demanda.
>
> b) El Asegurado, como parte de su negocio, le alquilaba a ACG, Inc. predios dentro de su espacio de almacén para mantener depositadas sus máquinas de casino.
>
> c) El Asegurado, como parte de su negocio, debía velar por la seguridad de las máquinas de casino depositadas en el espacio de almacén. Este es el contrato asegurado según define la póliza.
>
> d) El 19 de julio de 2018, ocurrió el incendio. Esta es la ocurrencia, según define la póliza.

Así, y en virtud de los fundamentos esbozados alegan que hay una cubierta con un límite mayor a los daños reclamados, por lo que, sostuvieron que solo procedía que el foro primario determinara que Mapfre fue negligente.

---

[17] *Moción sobre Moción en Cumplimiento de Orden*, anejo XXIV, págs. 407-409 del apéndice del recurso.
[18] *Moción en Cumplimiento de Orden*, anejo XXV, págs. 410-416 del apéndice del recurso.

En desacuerdo, el 14 de noviembre de 2023, Mapfre presentó *Oposición a Moción en Cumplimiento de Orden y Solicitud de Sentencia Declaratoria*.[19] En síntesis, reiteró que la única cobertura de propiedad comercial que adquirió MCL fue propiedad de negocio personal, y no una cobertura para propiedad personal de terceros. Por consiguiente, arguyen que la póliza no provee cubierta para la propiedad de ACG que estaba bajo el cuidado, custodia y control de MCL al momento del incendio.

Así las cosas, el 16 de noviembre de 2023, Mapfre presentó una *Moción de Desestimación*.[20] Adujo que, según el acuerdo de seguro de póliza núm. 1600188001491 con MCL, la viabilidad de la causa de acción contra ellos dependía de la responsabilidad de MCL. Por consiguiente, alegaron que al desestimar la demanda contra MCL, Mapfre no tendría obligación legal de responder por las alegadas acciones u omisiones negligentes de MCL. Por lo que, el acuerdo de seguro de la póliza no se activa, y como consecuencia, la demanda contra Mapfre debía ser desestimada con perjuicio.

Por su parte, el 27 de noviembre de 2023, ACG presentó *Moción en Cumplimiento de Órdenes Replicando a Solicitud de Sentencia Declaratoria y a Moción de Desestimación*.[21] Mientras que, Mapfre, en la misma fecha, presentó una breve réplica a la moción de ACG.[22]

---

[19] *Oposición a Moción en Cumplimiento de Orden y Solicitud de Sentencia Declaratoria*, anejo XXVI, págs. 417-434 del apéndice del recurso.
[20] *Moción de Desestimación*, anejo XXVII, págs. 435-443 del apéndice del recurso.
[21] *Moción en Cumplimiento de Ordenes Replicando a Solicitud de Sentencia Declaratoria y a Moción de Desestimación*, anejo XXVIII, págs. 444-457 del apéndice del recurso.
[22] *Breve Réplica a Moción en Cumplimiento de Ordenes Replicando a Solicitud de Sentencia Declaratoria y a Moción de Desestimación*, anejo XXIX, págs. 458-460 del apéndice del recurso.

Evaluados los argumentos de las partes, el 1 de diciembre de 2023, el foro primario emitió la *Resolución* recurrida.[23] Mediante la cual expresó que, Mapfre en su moción de desestimación, aceptó "que tiene cubierta y que la misma está sujeta a la responsabilidad que tenga su asegurado MCL." Por consiguiente, el foro primario determinó que la póliza expedida por Mapfre a MCL, provee cubierta para la reclamación. A su vez, acogió como suyos los siguientes hechos estipulados en el *Informe Preliminar entre Abogados*:

1. Kendall Holdings, Inc., h/n/c Kendall Management es el dueño del Almacén.

2. ACG, Inc. fue incorporada bajo las leyes del Estado Libre Asociado de Puerto Rico.

3. El 2004 Kendall Holdings, Inc., por conducto de sus oficiales, solicitó una cotización a Technical Fire Services, Inc. para la instalación de sistemas de rociadores contra incendios.

4. Technical Fire Services, Inc., en el 2004, cotizó a Carlos Leal la instalación de un sistema de protección contra incendios.

5. Technical Fire Services, Inc., en el 2004, cotizó a Carlos Leal, oficial de Kendall Holdings, Inc., la venta e instalación de un sistema de rociadores, alarma de fuego, cisterna con reserva de agua de 2 horas, generador eléctrico, mangueras y siamesas.

6. MCL arrendó de Kendall Holdings, Inc. un espacio de almacén de 3,780 pies cuadrados.

7. MCL utilizaba el espacio alquilado para depositar máquinas de casino y otros bienes relacionados con su negocio de transporte.

8. El 18 de julio de 2018 ocurrió un incendio en la propiedad de Kendall Holdings, Inc. que destruyó todo el contenido del almacén incendiado.

9. El incendio comenzó alejado del local alquilado por MCL.

---

[23] *Resolución*, anejo XXXII, págs. 463-467 del apéndice del recurso.

10. El incendio se propagó desde su punto de inicio a otras partes de la propiedad de Kendall Holdings, Inc.

11. En la propiedad de Kendall Holdings, Inc. no había sistemas de rociadores.

12. En la propiedad de Kendall Holdings, Inc. no había alarma de fuego.

13. En la propiedad de Kendall Holdings, Inc. no había mangueras contraincendios.

14. En el espacio arrendado por MCL había extintores manuales comprados por MCL.

15. El 15 de julio de 2019, la parte demandante reclamó sus pérdidas a Multinational.

16. ACG también reclamó sus pérdidas a MAPFRE como aseguradora de MCL.

17. Los bienes reclamados por la parte demandante consistían en máquinas de casino.

18. MAPFRE PRAICO es una compañía aseguradora debidamente autorizada para operar en Puerto Rico.

19. MAPFRE PRAICO mantiene una póliza general comercial y otra póliza de responsabilidad pública a nombre de MCL Logistics número 1600188001491.

20. MCL Logistics Corp., como parte de su negocio, le alquilaba a ACG, Inc. predios dentro de su espacio de almacén para mantener depositadas sus máquinas de casino.

21. MCL Logistics Corp., como parte de su negocio, debía velar por la seguridad de las máquinas de casino depositadas en el espacio de almacén.

Inconforme, el 4 de diciembre de 2023, la parte peticionaria presentó el *Certiorari* de epígrafe. Mediante este, adujo que el foro primario cometió los siguientes errores:

A. El Tribunal de Primera Instancia incurrió en craso abuso de discreción y error manifiesto de hecho y de derecho al determinar que la póliza cubre los daños reclamados por ACG porque supuestamente Mapfre aceptó esa cubierta mediante la Moción de Desestimación.

B. Aún si se acepta para efectos de argumentación únicamente que la estipulación transaccional lograda por ACG y MCL no es un fundamento válido para desestimar la causa de acción presentada contra Mapfre, igualmente, el Tribunal de Primera Instancia incurrió en craso abuso de discreción y error manifiesto de derecho al no examinar si la póliza excluye los daños sufridos por la propiedad de ACG a la luz de las determinaciones previas de dicho tribunal que establecen que la póliza excluye daños a la propiedad personal bajo el cuidado, la custodia o el control del asegurado y que, en este caso, la propiedad dañada estaba bajo el cuidado, la custodia y el control de MCL.

En igual fecha, Mapfre instó una *Moción en que se Solicita Auxilio de Jurisdicción al Amparo de la Regla 79 del Reglamento del Tribunal de Apelaciones*. Mediante esta, solicitó la paralización de los procedimientos ante el foro primario, mientras se adjudica el recurso de epígrafe.

Luego de llevar a cabo una evaluación preliminar del recurso, así como de la moción de auxilio por parte de Mapfre, el 4 de diciembre de 2023, emitimos una *Resolución*. Mediante esta, declaramos *No ha lugar* a la solicitud de auxilio. Asimismo, le concedimos a la parte recurrida siete (7) días, para oponerse y expresarse sobre el recurso de epígrafe.

En cumplimiento de la referida orden, el 8 de diciembre de 2023, la parte recurrida compareció mediante *Oposición a la Expedición de Certiorari Civil*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para

revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

Nuestro Tribunal Supremo ha sido enfático en que los foros revisores "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto." *Rodríguez et al. v. Hospital et al.,* 186 DPR 889, 908-909 (2012); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007); *Álvarez v. Rivera*, 165 DPR 1, 25 (2005). Sin embargo, es preciso reseñar que nuestro más Alto Foro también ha reconocido que "la tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). A tales efectos, ha manifestado considerar "que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, págs. 434-435.

Así, el Tribunal Supremo define el concepto de "discreción" como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012), citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), entre otros. De esa manera, la discreción se nutre de "un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia […]". *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

**III.**

Es preciso comenzar por destacar que la *Resolución* recurrida, a pesar de ser un dictamen interlocutorio, es

susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*.

Sin embargo, luego de evaluar y revisar los documentos sometidos, así como el expediente ante nuestra consideración, concluimos que en el caso de autos no se justifica nuestra intervención con el dictamen recurrido. En el recurso, Mapfre no demostró que el foro primario haya incurrido en abuso de discreción o haya errado.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración. Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente apelativo, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Por tanto, no vemos razón alguna para intervenir en esta etapa de los procedimientos, y procederíamos a denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones